IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Charles B. Vance, pro se, ) | |
| ) | |
| Plaintiff, ) | No. 06-1107 |
| ) | |
| v. ) | |
| ) | |
| Brenda A. Watts, as Director ) | |
| of IDES, and ) | |
| Jay M. Watts, Individually and ) | |
| as IDES Referee ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court are Defendants' respective motions to dismiss (d/e's 11, 20). For the reasons below, the Court recommends that the motions be granted.

## STANDARD OF REVIEW

At this stage of the proceedings, Plaintiff's allegations are taken as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to Plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004); Fed. R. Civ. P. 12(b)(1)(6), 12(b)(6). Exhibits attached to the pleadings are considered part of the pleadings. Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th

Cir. 1993). "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## ALLEGATIONS

Plaintiff's allegations are liberally construed and set forth as true for purposes of this Report and Recommendation only.

Plaintiff applied for unemployment compensation with the Illinois Department of Employment Security ("IDES"). The claims adjudicator denied his claim. Plaintiff appealed the denial to an IDES Referee, Defendant Watts.

Defendant Watts deliberately denied Plaintiff a fair hearing. Watts refused to allow Plaintiff to appear in-person at his hearing[1]; refused Plaintiff's request to subpoena and depose witnesses; denied Plaintiff's

---

[1] 56 Ill.Admin. Code Section 2720.215(a), which applies to appeals to the Referee, states, "Except as otherwise provided in subsection (b), hearings shall be conducted by telephone." Section 2720.215(b) states in relevant part "A witness or party may appear in-person, upon the Referee's motion or upon the request of the witness or party for good cause shown where the request is received by the Referee prior to the date of the hearing. . . .If the Referee denies or requires the in-person appearance of a witness or party, the reasons for doing so shall be stated on the record." Plaintiff cites 56 Ill.Admin. Code Section 2725.220, but that section applies to appeals to the Director's Representative. Which one applied to the Referee is irrelevant here, because the Court is not deciding whether Plaintiff had a right to appear in-person or, if so, whether that right was violated.

discovery requests; failed or refused to initiate discovery or fully develop the record as required by law; ignored witnesses' testimony; distorted the factual record ("actual malice in careless disregard of the truth"); disregarded evidence in Plaintiff's favor; and, disregarded controlling law. (First Amended Complaint, d/e 5).

Judge Watts ultimately denied Plaintiff's appeal for unemployment compensation. Watts' written ruling deliberately distorted the facts, ignored controlling law, and was against the manifest weight of evidence.

Plaintiff then filed this case, *pro se*, against Defendant Watts and Defendant Russell, the IDES Director. He seeks damages for Defendant Watts' alleged misconduct and Defendant Russell's alleged negligence in hiring and training Watts.

## ANALYSIS

### I. Federal Claims (42 U.S.C. § 1983)

#### A. Eleventh Amendment (Sovereign Immunity)

Count I essentially asserts that Defendant Watts violated Plaintiff's federal constitutional and state statutory rights to a fair and impartial hearing. (d/e 5, p.6). Plaintiff seeks compensatory and punitive damages

in this Count.[2]

The Eleventh Amendment bars Plaintiff from recovering money damages against Defendants in their official capacities.[3] <u>Wynn v. Southward</u>, 251 F.3d 588, 592 (7th Cir. 2001); <u>Paschal v. Jackson</u>, 936 F.2d 940, 941 (7th Cir. 1991)("Although the eleventh amendment does not prohibit a federal court from finding liability when state officials' acts are *ultra vires*, it bars a judgment awarding retroactive damages that must come directly from the general revenues of the state."). As the parties recognize, the Eleventh Amendment does not bar awards of injunctive or declaratory relief "requiring a state official to conform his or her behavior to the requirements of federal law in the future." <u>Hadi v. Horn</u>, 830 F.3d 779, 783 (7th Cir. 1987), *citing* <u>Ex parte Young</u>, 209 U.S. 123 (1908). Thus, a state employee acting in an official capacity may be enjoined from acting *ultra vires*, but the relief available is not money damages, but prospective relief, such as an injunction. <u>David B. v. McDonald</u>, 156 F.3d 780, 783

---

[2] Plaintiff does not appear to pursue Count I against Defendant Russell. All the allegations in Count I are against Defendants Watts, though Count I's prayer for relief does seek damages both Defendants (d/e 5, p. 11). The Court construes Count I as against Watts only. In any event, Russell cannot be held personally liable under 42 U.S.C. Section 1983 for Watts' alleged unconstitutional conduct.

[3] Eleventh Amendment sovereign immunity can be waived by a State. Illinois does allow some claims against the State in the Court of Claims and other exceptions not relevant here. 745 ILCS 5/1.

(7th Cir. 1998)("Young treats public officials who violate federal law as renegades, acting ultra vires, who therefore may be enjoined without enjoining the state itself.").

Plaintiff concedes that the Young doctrine does not allow a "retroactive request for monetary relief," but he asks that he be allowed to amend his complaint to request injunctive relief.  (d/e 24, p.3).  "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. Proc. 15(a).  However, leave is not required if an amendment would be futile.  Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001)(citations omitted).

Plaintiff already filed an amended complaint once (d/e 5), so leave to file another is required under Rule 15.  Plaintiff does not specify what injunctive relief he intends to seek, nor does the Court see what injunctive relief might be available.  Plaintiff's allegations regard past misconduct.  Injunctive relief must be targeted at future misconduct (for example, the imminent enforcement of an unconstitutional law).  See Sierakowski v.

Ryan, 223 F.3d 440, 443-45 (7th Cir. 2000)(declaratory and injunctive relief not available for past constitutional violations).[4]  Because the Court believes an amendment seeking injunctive relief would be futile, the Court recommends Plaintiff's request for leave to file an amended complaint be denied.

**B.  Judicial Immunity**

Plaintiff also names Defendant Watts in his individual capacity.  The Eleventh Amendment does not protect an *individual* state employee from a claim for money damages for personally violating someone's constitutional rights. However, Watts' position as a referee puts him in the same class as a judge.  A judge is immune from a civil lawsuit for damages under § 1983, even if sued individually, for actions taken in a judicial capacity.  "Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." Killinger v. Johnson, 389 F.3d 765, 770 (7th Cir. 2004)(liquor control commissioner's decisions subject to judicial immunity).  Illinois applies the same standard.  Grund v. Donegan, 298 Ill.App.3d 1034, 1039 (1st Dist.

---

[4] If Plaintiff seeks reversal of the Referee's decision, the federal district court is without jurisdiction to do so.  A federal district court does not have the jurisdiction to hear appeals from state court decisions.  Burke v. Johnston, 452 F.3d 665, 667 (7th Cir. 2006).

1998)( "A judge is *absolutely* immune from liability for acts committed while exercising the authority vested in him. This doctrine of judicial immunity is subject to only two exceptions: namely, actions not taken in the judge's judicial capacity and actions taken in the complete absence of all jurisdiction."); McNeil v. State, 47 Ill.Ct.Cl. 432, 1995 WL 902095 (1995)(dismissing claim against state judge for judicial misconduct on grounds of absolute judicial immunity)(not reported in N.E.2d).

Thus, Watts is immune from this lawsuit, even if he committed "grave procedural errors"[5]:

> The basis of the absolute immunity of judges is less that they are unlikely to commit wrongs than that their wrongs are largely remediable through the appellate process and that forcing judges to defend their judicial rulings by standing trial on the complaint of a disappointed litigant would make it difficult for them to carry out their judicial duties and for society to recruit competent judges.

Reed v. Village of Shorewood, 704 F.2d 943, 952 (7th Cir. 1983).

Plaintiff does not appear to dispute that Defendant Watts acted in a judicial capacity when he acted as Referee of Plaintiff's appeal, nor does the Court believe the point is subject to reasonable debate. *See* Butz v. Economou, 438 U.S. 478, 513-014 (1978)(adjudicatory functions within

---

[5] Stump, 435 U.S. at 359.

federal agencies entitled to absolute immunity); Reed, 704 F.2d at 952 (7th Cir. 1983)(local liquor control commissioner acts in judicial capacity when revoking license).  Watts' challenged actions as Referee were clearly judicial in character.  Watts, as Referee, was required by state law to conduct the hearing in accord with due process, including "afford[ing] the parties a reasonable opportunity for a fair hearing," keeping documents submitted by the parties as part of the record, and notifying the parties of the decision, "together with the reasons therefor." 820 ILCS 405/801(A). Watts was further required to "'assure that the record in cases involving *pro se* parties is fully developed.'" Meneweather v. Bd of Review of Dept. Of Employment Sec., 249 Ill.App.3d 980, 984 (1st Dist. 1992).  To that end, Watts had the authority to allow or deny requests for subpoenas and depositions, to examine witnesses, and to allow examination and cross-examination of those witnesses by the parties.  56 Ill.Admin.Code 2720.225 *et seq.*

Additionally, Watts' alleged misconduct is "largely remediable through the appellate process." Reed, 704 F.2d at 952.  Watt's decision is appealable to the IDES Board of Review, 820 ILCS § 405/803, which may affirm, modify or set aside the Referee's decision, and make take additional

evidence in hearing the appeal. The Board's determination is in turn subject to judicial review in state circuit court under the provisions of the Administrative Review Law. 820 ILCS § 405/1100.

Plaintiff argues that Watts should not be shielded by judicial immunity because his misconduct was *ultra vires*, in that Watts knowingly conducted the proceedings in violation of Illinois law and in violation of Plaintiff's federal constitutional rights. He argues that Watts' decisions were void *ab initio* because Watts had no authority to act the way he did.

It is true that absolute immunity does not apply for actions by judges that are "'in clear absence of all jurisdiction,'" see Stump v. Starkman, 435 U.S. 349, 357 (1978)(quoted cite omitted), but no inference arises of that here. Watts' decisions on how to conduct the hearing, what discovery to allow, what evidence to hear, and what evidence to credit, were made in his capacity as Referee, dealing with the parties as such. *See Stump*, 435 U.S. at 362-363 (whether act is judicial depends on whether "it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."). Watts' alleged misconduct is therefore immune from suit for damages, even if Watts

violated Plaintiff's procedural rights. See Reed, 389 F.3d at 770-71 (ignoring procedural requirements does not abrogate absolute immunity).

Thus, Watts has judicial immunity, but Plaintiff is not without recourse. As discussed above, he may appeal Watts' ruling decision through statutorily established procedures. That is where Plaintiff's challenge to Watts must be made, not in a lawsuit for damages. See, e.g., *Nykaza v. Department of Employment Sec.*, 364 Ill.App.3d 624 (3rd Dist. 2006)(example of state appellate court reversing and remanding benefits determination to IDES); Fugueroa v. Doherty, 303 Ill.App.3d 46 (1st Dist. 1999)(same).

## II. State Claims: Negligent Hiring and Training of Referee Intentional Infliction of Emotional Distress

Plaintiff alleges in Count II that Defendant Russell, IDES Director, breached her statutory duty to properly hire and train Watts as a Referee. Plaintiff asserts in Count III that Defendant Watts' actions amounted to intentional infliction of emotional distress.[6]

As discussed above, Defendant Watts, acting as Referee, "is *absolutely* immune from liability for acts committed while exercising the

---

[6]The Complaint's introduction also asserts a negligence claim against Watts. (d/e 5 p. 2). The same result would apply to a negligence claim.

authority vested in him." Grund, 298 Ill.App.3d 1039 (emphasis in original). He is thus immune from Plaintiff's state tort claim of intentional infliction of emotional distress, which is based on the same alleged misconduct as Plaintiff's Count I (the federal claim).

Defendant Russell is correct that only the Illinois Court of Claims has the power to hear claims against the State "for damages in cases sounding for tort. . . " 705 ILCS 505/8(d).  Whether a state tort claim is against the State depends on whether the claim arises from the state employee's "breach of a duty that is imposed on him *solely* by virtue of his State employment."  Magdziak v. Byrd, 96 F.3d 1045, 1048 (7th Cir. 1996)(emphasis in original); Currie v. Lao, 148 Ill.2d 151, 159 (1992).

The alleged state torts committed by Russell all arose from the breach of her duty as IDES Director, not from breach of a duty existing independently of her state job.  Her alleged negligence occurred in the performance of her statutory duty and authority as Director to appoint Referees.  820 ILCS 405/802(A).  Thus, Plaintiff's state tort claim against Russell is a claim against the State of Illinois, and must be brought in the Illinois Court of Claims, if it can be brought at all.[7]  See  Healy v. Vaupel,

---

[7]The Court need not address whether Plaintiff's claim against Russell is ultimately viable in the Illinois Court of Claims.  Accordingly, the Court does not address

133 Ill.2d 295 (1990)(claims against state university employees, including claim of negligently failure to train and supervise, were claims against State and belonged in Court of Claims).[8]

In sum, Defendant Watts is absolutely immune from this lawsuit, and the claim against Defendant Russell is barred by sovereign immunity. Accordingly, the Court believes the claims must be dismissed and this case terminated.

WHEREFORE, the Court RECOMMENDS that the motions to dismiss by Defendants be granted (d/e's 11, 20).  The Court recommends that the claims against Defendant Watts (Counts I and III) be dismissed as barred by absolute judicial immunity.  The Court further recommends that the claims against Defendant Russell (Count II) be dismissed as barred by sovereign immunity.  The Court ALSO RECOMMENDS that Plaintiff be denied leave to file an amended complaint on grounds of futility and that this case be terminated.

---

Russell's argument that she is entitled to public official immunity.

[8]State employees acting maliciously are not shielded by sovereign immunity, *see* Welch v. Illinois Supreme Ct., 322 Ill.App.3d 354, 354 (3rd Dist. 2001), but no such inference arises against Russell.  Even if Plaintiff could pursue such a claim against Russell, the Court would recommend that supplemental jurisdiction over it be declined.  28 U.S.C. § 1367(c)(3) grants the district court the discretion to decline supplemental jurisdiction when all federal claims have been dismissed.  Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

    ENTER:    October 30, 2006

                                        s/ Byron G. Cudmore

                            _____
                                  BYRON G. CUDMORE
                    UNITED STATES MAGISTRATE JUDGE