UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHARLES B. VANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-cv-1107 |
| ) | |
| JAY M. WATTS and BRENDA A. ) | |
| RUSSELL, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is the Objection filed by the Plaintiff, Charles B. Vance, on November 9, 2006 to Magistrate Judge Byron G. Cudmore's Report and Recommendation, entered on October 30, 2006, on the Defendants' Motions to Dismiss [Docs. 11 and 20]. For the reasons that follow the objections are OVERRULED and the Report and Recommendation is ADOPTED.

BACKGROUND

The Plaintiff's first amended complaint centers upon the denial of unemployment benefits by the Illinois Department of Employment Security ("IDES"). The Plaintiff asserts that when he appealed a decision by IDES denying unemployment benefits, his appeal was heard by the Defendant, Jay M. Watts, an IDES referee. The Plaintiff alleges that Watts failed to conduct a fair hearing because he failed to hold an in-person hearing,

1

failed to allow the Plaintiff to call witnesses, failed to allow discovery, and distorted the facts of the case, all in violation of his due process rights.  The Plaintiff alleges that Watts committed these acts in order to benefit his employer, the State of Illinois.

The Plaintiff goes on to allege that Brenda A. Russell, the Director of IDES, negligently hired and trained Watts.  The Plaintiff also appears to states that Russell is responsible for Watts' actions because she is his supervisor.  Finally, the Plaintiff alleges a claim of intentional infliction of emotional distress.  The Plaintiff seeks compensatory and punitive damages.

Both Defendants filed motions to dismiss asserting that they are immune from suit pursuant to the Eleventh Amendment to the United States Constitution.  Watts also argued that he is entitled to quasi-judicial immunity.  In the Report and Recommendation (R&R), Judge Cudmore found that the Plaintiff's claims against Watts is barred by the Eleventh Amendment and that Watts is immune from suit for acts taken in his judicial capacity.  Judge Cudmore further found that the Plaintiff's claim against Russell is barred by sovereign immunity as is his claim for intentional infliction of emotional distress.  Finally, Judge Cudmore found that any amendment to the complaint that would add a claim for injunctive relief would be futile.

**DISCUSSION**

Within ten working days after being served with a copy of a magistrate judge's R&R, any party to the action may serve and file written objections to the magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b). However, as the Seventh Circuit has pointed out, Rule 72(b) contemplates "written, specific objections" to the report and recommendation. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

Therefore, a district court reviews *de novo* only "those portions of the magistrate judge's [proposed findings and recommendations] to which specific written objection is made." Id. In doing so, the district judge should "give fresh consideration to those issues" by "consider[ing] the record which has been developed before the magistrate and mak[ing] his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." United States v. Raddatz, 447 U.S. 667, 675 (1980). In other words, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." Id. at 674 (quoting 28 U.S.C. § 636(b)(1)).

If no objection or only partial objection is made, the

district court judge reviews those unobjected portions of the magistrate judge's proposed findings and recommendations for clear error.  Johnson, 170 F.3d at 739.  As a result, failure to timely object in the district court constitutes a waiver of any objection on appeal.  See id.; Video Views Inc. v. Studio 21 Ltd., 797 F.2d 538 (7th Cir. 1986).  The Plaintiff has objected to Judge Cudmore's findings and conclusions with respect to Russell's and Watts' 11th Amendment immunity, Watts' judicial immunity, Russell's liability pursuant to 42 U.S.C. §1983, and the futility of an amendment to the complaint.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view the amended complaint in a light most favorable to the Plaintiff.  Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995).  The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the Plaintiff.  Richards v. Kiernan, 461 F.3d 880, 882 (7th Cir. 2006).  Therefore, the complaint can only be dismissed if the Plaintiff cannot prove any set of facts upon which relief can be granted.  Cler v. Illinois Education Association, 423 F.3d 726, 729 (7th Cir. 2005).  A Plaintiff is not required to plead facts, legal theories, or to anticipate defenses.  Massey v. Merrill Lynch and Co., Inc., 464 F.3d 642, 650 (7th Cir. 2006).

The Plaintiff alleges, and this Court will accept as true

4

at this stage of the proceedings, that Watts violated his due process rights by:

1. Refusing to conduct an in-person hearing upon the Plaintiff's request in violation of IDES policies and regulations;

2. Refusing to allow the Plaintiff to call witnesses on his behalf in violation of IDES policies and regulations; and,

3. Misconstruing the facts in light of the evidence, ignoring testimony, exhibiting bias, and intentionally ignoring the law.

The Plaintiff also alleges that Russell negligently hired Watts and failed to adequately train him.  Finally, the Plaintiff alleges that Watts' conduct was extreme, outrageous, and caused him extreme emotional distress.

In objecting to Judge Cudmore's R&R, the Plaintiff argues that Watts is not entitled to immunity because his jurisdiction was limited and because he was acting outside of his authority and that Russell is also not entitled to immunity.  The Eleventh Amendment bars suits for money damages against a state, its officials acting in their official capacities, and its agencies. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001).  The complaint alleges claims against Watts in his official capacity as a referee for IDES, a state agency, and against Russell as the Director of IDES, and seeks money damages.  As such, the Plaintiff's complaint in fact alleges claims for monetary relief against the State of Illinois.  Such claims are barred by the

5

Eleventh Amendment.  See Ryan v. Illinois Department of Children and Family Services, 185 D.3d 751, 758 (7th Cir. 1999).  As there has been no showing that Congress has abrogated Illinois' immunity, that Illinois has consented to suit, or that the Plaintiff is seeking prospective injunctive relief pursuant to Ex parte Young, 209 U.S. 123 (1908), the Plaintiff's claims against Watts, in his official capacity, and Russell must be dismissed.  See Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002).

The Plaintiff goes on to argue that Watts is not entitled to judicial immunity because he was acting outside of his authority.  Watts has the burden of showing that he is entitled to absolute judicial immunity.  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432-433 (1993).  Whether a person is entitled to judicial or quasi-judicial immunity depends on the "nature of the responsibilities of the official in question." Killinger v. Johnson, 389 F.3d 765, 770 (7th Cir. 2004) (quoting Tobin for Governor v. Ill. State Bd., 268 F.3d 517, 521 (7th Cir. 2001)).  Illinois' Unemployment Insurance Act, 820 Ill. Comp. Stat. 405/100, *et seq.*, provides that a referee will conduct a hearing, consider evidence in the record, and render a written opinion regarding a claimants entitlement to unemployment benefits.  Id. at 405/810.  The complaint alleges that Watts conducted such a hearing, considered evidence, and

6

rendered a written decision denying the Plaintiff benefits (albeit without due process of law).  Watts' conduct was the functional equivalent of a judicial officer and he is entitled to immunity.  <u>Forrester v. White</u>, 484 U.S. 219, 227 (1988) ("Here, as in other contexts, immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." (emphasis in original)).

In addition, no exception to immunity exists:  Watts' actions were taken in his capacity as a referee and there is no showing of lack of jurisdiction.  The Plaintiff appears to argue that because the hearing was lacking in due process, Watts was acting outside of the judicial scope.  However, a showing that Watts acted in bad faith or with malice is insufficient. <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).  The Plaintiff's recourse for the alleged acts of Watts is through the appeals process provided by the Unemployment Insurance Act and not through a lawsuit against Watts.  This is exactly the type of lawsuit where quasi-judicial immunity is most appropriate.  <u>See Forrester v. White</u>, 484 U.S. 219, 226-227 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").  Thus, the claims against Watts in his individual capacity for a decision rendered

7

as a referee for IDES is barred by quasi-judicial immunity.

The Plaintiff next argues that Russell is liable for Watts' actions pursuant to 42 U.S.C. §1983. Even if Russell and Watts were not immune from suit, there can be no *respondeat superior* or vicarious liability pursuant to §1983. See e.g. Phelan v. Cook County, 463 F.3d 773, 789 (7th Cir. 2006); Lawrence v. Kenosha County, 391 F.3d 837, 843-844 (7th Cir. 2004).

The Plaintiff's final, vague, argument is that Judge Cudmore erred in finding that an amendment to the complaint, to include a claim for injunctive relief against Russell, would be futile. Besides stating that this Court should allow the Plaintiff to amend his complaint, the Plaintiff has offered no specific argument that would cast doubt on Judge Cudmore's recommendation. This Court finds no error in Judge Cudmore's assessment of this request. In any event, the Plaintiff sought to amend his complaint, in response to Russell's motion to dismiss, by including a claim for injunctive relief. Such an amendment would be wholly futile. Park v. City of Chicago, 297 F.3d 606, 613 (7th Cir. 2002)(noting that leave to amend may be denied if the amendment is futile). The Plaintiff's claims against Russell are that she negligently hired and failed to train Watts – i.e. committed acts in the past for which no injunction would provide a remedy. More importantly, the Plaintiff's claims against Russell sound in tort and the only

8

Court with jurisdiction, if any, to hear such a claim is the Illinois Court of Claims.  705 Ill. Comp. Stat. 505/1, *et seq*.

**CONCLUSION**

In sum, all of the Plaintiff's claims against Watts in his official capacity and his claims against Russell are barred by the Eleventh Amendment.  The Plaintiff's claims against Watts, also must fail as Watts is entitled to absolute quasi-judicial immunity.

The Defendants' motions to dismiss are GRANTED [Docs. 11 and 20].  This matter is DISMISSED WITH PREJUDICE.


Entered this   26th   day of March, 2007


                                          s/ Joe B. McDade
                                       JOE BILLY McDADE
                                  United States District Judge

9